| JOHNSON, J.,
concurs in part and dissents in part.
It is my opinion that the State’s writ application should be denied in full.
I agree with the majority’s conclusion that the court of appeal correctly found the statement made by Tony Hunter to the defendant is admissible, as this statement constitutes an “excited utterance” under La. C.E. art. 803(2).
However, I disagree with the majority’s conclusion that the court of appeal erred in finding the statements made by Tony Hunter to Glen Nelson are admissible. In my view, the court of appeal correctly found that the alleged statements “interlock” with each other, such that there is a sufficient showing of trustworthiness to allow admission of these statements. Further, there is sufficient independent evidence in the record to corroborate these statements. See Chambers v. Mississippi 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973), wherein the United States Supreme Court recognized that a defendant’s fundamental constitutional right to present witnesses in his own defense requires the Court to allow hearsay evidence if the surrounding circumstances provide considerable assurance of the statement’s reliability.
The surrounding circumstances in the instant case which tend to provide reliability of the statements include (1) the testimony of Glen Nelson that Tony Hunter bragged to Glen Nelson not only that he committed the crime in question, but that he committed other crimes as well, (2) the testimony of the defendant that Tony Hunter attacked him while they were in jail together and threatened that he | ¡¿would kill defendant’s sister and her children if defendant did not take the charge for the crime in question, (3) the testimony shows that Tony Hunter knew the defendant’s sister and frequently visited her home.